**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TIJUANA MORRIS,

       Plaintiff,

v.                                            Case No. 16-13186

LARAN LERNER,

       Defendant.
                                          /

**OPINION AND ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION**

Plaintiff Tijuana Morris initiated this action on September 2, 2016 against Defendant Dr. Laran Lerner, seeking $100,000 in damages related to alleged medical malpractice. (Dkt. # 1.) Plaintiff has also filed an application to proceed *in forma pauperis,* (Dkt. # 2), which the court will grant. *See* 28 U.S.C. § 1915(a)(1). However, after careful consideration, the court must dismiss this action, pursuant to 28 U.S.C. § 1915(e)(2), because it fails to state a claim on which relief may be granted.

**I.  STANDARD**

Complaints filed *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A complaint is frivolous and subject to *sua sponte* dismissal under § 1915(e) if it lacks an arguable basis in either law or fact.

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim upon which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief.  *Wershe v. Combs,* 763 F.3d 500, 505 (6th Cir. 2014); *Harbin-Bey v. Rutter,* 420 F.3d 571, 575 (6th Cir. 2005).

## II.  DISCUSSION

Plaintiff's *pro se* Complaint, construed liberally, claims that Defendant committed medical malpractice. Plaintiff cites to two statutes, but neither supplies a cause of action. The Complaint first cites to 10 U.S.C. § 1089, the Medical Malpractice Immunity Act (also called the "Gonzalez Act"). However, this statute "does not create rights in favor of malpractice claimants; rather, it serves solely to protect military medical personnel from malpractice liability." *Ward v. Gordon*, 999 F.2d 1333, 1041-42 (9th Cir. 1993). The Complaint then cites to 46 U.S.C. § 30510, which is a provision within the Limitation of Liability Act which, under certain circumstances, limits the application of the doctrine of vicarious liability to owner/operators of vessels and employers of crewmembers. It similarly confers no additional rights to medical malpractice claimants.

The factual substance of the Complaint is also lacking. The factual claims boil down to an assertion that Defendant "prescribed unnecessary controlled substances[,] billed for office visit's[,] [sic] and diagnostic cost" and that Defendant had "conducted test(s) that never took place." Plaintiff does not assert that the costs were fraudulently charged to her, nor does she discuss with any detail what the "unnecessary controlled substances" were or what harm she suffered as a result. To survive dismissal, plaintiffs

must provide "more than bare assertions of legal conclusions." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). A complaint must provide sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a "probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In this case it is clear that Plaintiff's Complaint does not meet this standard. Therefore, it fails to state a claim, and the action must be dismissed.

### III.  CONCLUSION

IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* (Dkt. # 2) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (Dkt. # 1) is DISMISSED pursuant to 42 U.S.C. § 1915(e)(2)(B).

      S/Robert H. Cleland  
      ROBERT H. CLELAND  
      UNITED STATES DISTRICT JUDGE

Dated:  September 29, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 29, 2016, by electronic and/or ordinary mail.

      S/Lisa Wagner  
      Case Manager and Deputy Clerk  
      (313) 234-5522